## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**DELTON LAMONT RAYNOR,**

     **Petitioner,**

     **v.**                       **CRIMINAL ACTION NO.: 2:11cr159**

**UNITED STATES OF AMERICA,**

     **Respondent.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Delton Lamont Raynor's ("Petitioner") Motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b) Motion") and Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255 ("§ 2255 Petition"). Having thoroughly reviewed the filings in this case, the Court finds these matters ripe for judicial determination. For the reasons set forth below, Petitioner's motions are **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was indicted on September 21, 2011, and charged with two counts of Theft from Federal Firearms Licensee in violation of 18 U.S.C. § 922(u), two counts of Possession of Stolen Firearms in violation of 18 U.S.C. § 922(j), and two counts of Felon in Possession of Firearms in violation of 18 U.S.C. §§ 922(g) & 924(e)(1).

On January 3, 2012, Petitioner pleaded guilty to Count One of the Indictment charging Petitioner with Theft from a Federal Firearms Licensee. On May 9, 2012, the Court sentenced Petitioner to ninety-six (96) months imprisonment on Count One. The remaining five counts of the Indictment were dismissed at sentencing upon a motion by the United States.

1

On November 25, 2015, Petitioner, acting *pro se*, filed the instant Rule 60(b) Motion and § 2255 Petition. ECF Nos. 36, 37. In his Rule 60(b) Motion, Petitioner alleges that his sentence should be reconsidered because the Government failed to disclose that an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") that worked on Petitioner's case was under investigation by the Federal Bureau of Investigations for various offenses at the time Petitioner's case was pending. Petitioner attaches an article dated April 11, 2011 indicating that this agent pled guilty to one count each of wire fraud, embezzlement, possessing stolen firearms, making a false statement, and money laundering. Ex. 1, ECF No. 36.

In his §2255 Petition, Petitioner contends that his sentence was unconstitutional because it was increased by United States Sentencing Guidelines ("USSG") §2k2.1 enhancements that were not charged in the indictment. Defendant cites as support *Stirone v. United States*, 361 U.S. 212, 215-16 (1960); *U.S. v. Olano*, 507 U.S. 725 (1993); *U.S. v. Floresca*, 38 F.3d 706, 710 (4th Cir.) (en banc); and *U.S. v. Randell*, 171 F.3d 195, 203 (4th Cir. 1999).

## II. LEGAL STANDARDS

### A. Rule 60(b) Motions

Rule 60(b) of the Federal Rules of Civil Procedure invests federal courts with the power to "vacate judgments whenever such action is appropriate to accomplish justice." *Compton v. Alton Steamship Co. Inc.*, 608 F.2d 96, 101-102 (4th Cir. 1979) (citing *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949)). The remedy provided by the Rule, however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances. *Id.* Rule 60(b) allows a party to obtain relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the

judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In addition to showing that he has satisfied one of the six enumerated grounds for relief under the Rule, Petitioner must also demonstrate that his motion is filed within "a reasonable time." Fed. R. Civ. P. 60(c)(1); *Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984). Motions filed pursuant to Rules 60(b)(1), (2), and (3) must be filed no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). Further, a *pro se* petitioner is entitled to have his petition and asserted issues construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *Pro se* petitioners are held to a less stringent standard than attorneys drafting such complaints. *Id.*

**B. Section 2255 Petitions**

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal

3

construction of their pleadings, particularly when alleging civil rights claims. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Ineffective assistance of counsel claims, however, should generally be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

In 1996, Congress amended the law governing § 2255 motions as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* Pub. L. No. 104-132, Title I, § 105, 110 Stat. 1220. Title 28, United States Code, § 2255(f) now provides in relevant part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

To determine whether Petitioner has timely filed his motion, the Court must measure one year

4

from the most recent date provided by § 2255 subsections (1) through (4).

## III. DISCUSSION

To obtain relief under Federal Rule of Civil Procedure 60(b) a petitioner must demonstrate, *inter alia*, that his motion is timely and that he satisfies one of the six enumerated grounds for relief. *Werner v. Carbo*, 731 F.2d at 206-07. Interpreting Petitioner's motion as reasonably as possible, the Court finds that Petitioner seeks relief pursuant to Rule 60(b)(2) for newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) and 60(b)(3) for fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party based upon an allegation of the Government's failure to disclose the criminal conduct of an ATF agent.

Motions for relief pursuant to Rule 60(b)(2) and (3) must be made "no more than one year after the entry of the judgment, or order, or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Petitioner asserts that he did not receive information regarding the ATF agent until January 2015. ECF No. 36. However, Petitioner could have obtained this information prior to his sentence. The article attached to his motion is dated April 11, 2011. Petitioner was not indicted until September 21, 2011 and was sentenced May 9, 2012. Petitioner's motion was filed well beyond the time allowed for the filing of both his Rule 60(b)(1) and (b)(3) claims. *See* Fed. R. Civ. P. 60(c)(1). Petitioner has failed to file a timely motion for reconsideration and thus, the Court need not reach the merits of his claims. Accordingly, Petitioner's motion for relief from final order of judgment is **DISMISSED**.

The one-year period of limitations for § 2255 motions runs from the latest of (1) the date on which the judgment of conviction became final, (2) the date on which a Government-created impediment to filing the motion is removed, (3) the date on which a new right created by the

Supreme Court is recognized as retroactively applicable on collateral review, or (4) the date on which facts supporting the claim or claims presented could have been discovered by due diligence. 28 U.S.C § 2255(f).

Having considered the four subparts to § 2255(f), the Court finds no reason to toll the statute of limitations. This Court entered judgment on May 14, 2012. ECF No. 32. Petitioner has never appealed. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held that a judgment of conviction becomes final on the date that a defendant declines to pursue further appellate review. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Accordingly, Petitioner's judgment of conviction became final on May 14, 2012. Petitioner has not claimed that Government action impeded his ability to file this petition (pursuant to § 2255 (f)(2)) or that there are any additional facts that could have been discovered by due diligence on a date later than the one-year period of limitations (pursuant to § 2255 (f)(4)). Therefore, unless Petitioner demonstrates that his claim arises under a right newly created by the Supreme Court, and that the right is retroactively applicable to cases on collateral review, this Court must find that the deadline for filing this Motion was one year after May 14, 2012.

The Court therefore finds that the statute of limitations in this matter is controlled by 28 U.S.C. § 2255 (f)(1). Accordingly, Petitioner's deadline for filing a § 2255 Petition was one year after his conviction became final on May 14, 2012. The instant Motion was made on November 25, 2015, more than two years and six months after the deadline. For that reason, the Motion was untimely under the AEDPA and must be **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motions are **DISMISSED**. The Court **ADVISES** Petitioner that he may appeal this final order by forwarding a written notice of appeal to the

Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510.  The Clerk must receive this written notice within thirty (30) days from this Order's date.

The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner and to the Respondent.

**IT IS SO ORDERED**.

Norfolk, Virginia
December 18, 2015

Raymond A. Jackson
United States District Judge